IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON L. MEYERS, | No. C 07-04457 TEH (PR) |
| Plaintiff, | ORDER OF DISMISSAL AND INSTRUCTIONS TO THE CLERK |
| vs. | |
| JOHN H. BROOMS, et al., | |
| Defendants. | |

Plaintiff, a prisoner at the Santa Rita County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that Defendant John H. Brooms, plaintiff's stepfather, made false claims of elder abuse against plaintiff, misappropriated plaintiff's supplemental security income ("SSI") payments, unlawfully obtained a mortgage on the house which was owned by plaintiff's deceased mother while it was still in probate, and unlawfully evicted plaintiff from the same. Plaintiff also names President David Durant and Staff Attorney Kirsten Voyles of Legal Assistance for Seniors, the organization that represented Defendant Brooms in his claim of elder abuse against Plaintiff. Plaintiff also names Alliance Title - Reverse Mortgage as a defendant for approving Brooms' application for a mortgage on the house at issue. Plaintiff seeks compensatory and punitive damages as well as a "joint residency" of the house, restitution of the misappropriated SSI payments, and nullification of the mortgage.

///

///

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F2.d 696, 699 ( 9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Plaintiff's allegations against his stepfather, Defendant Broom, must be dismissed. A private individual does not act under color of state law, an essential element of a § 1983 action. Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. Ouzts v. Maryland Nat'l Ins. Co., 505 F2.d 547, 559 (9th Cir. 1974). Simply put: There is no right to be free from the infliction of constitutional deprivations by private individuals. Van Ort v. Estate of Stanewich, 92 F3.d 831, 835 (9th Cir. 1996).

Plaintiff's allegations against Durant and Voyles must be dismissed. Plaintiff makes no specific allegation of wrongdoing on the part of Voyles other than the fact she was representing Broom in his elder abuse claim against Plaintiff. Plaintiff has not shown that Voyles violated Plaintiff's constitutional rights or that she was acting under the color of law. West v. Atkins, 487 U.S. at 48. To whatever extent Plaintiff is attempting to allege legal malpractice, such claims do not come within the jurisdiction of the federal

1  courts. See Franklin v. Oregon, 662 F.2d 1337, 1345 (9th Cir. 1981). Since there are no
2  cognizable claims against Voyles, it cannot be said that there are any cognizable claims
3  against Durant under supervisor liability.
4      Plaintiff's claims against Alliance Title - Reverse Mortgage must also be dismissed
5  for the same reasons discussed above. Plaintiff has not shown that Alliance Title violated
6  Plaintiff's constitutional rights or that the company was acting under the color of law
7  when it approved Brooms' loan on the house. West v. Atkins, 487 U.S. at 48.

## CONCLUSION

For the foregoing reasons, plaintiff's complaint is DISMISSED under the authority of 28 USC § 1915A.

The clerk shall enter judgment in accordance with this order and close the file.

IT IS SO ORDERED.

DATED: March 20, 2008

THELTON E. HENDERSON
United States District Judge